## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

HELEN SWAN,

     Plaintiff,

-vs-                              CASE NO.:

LEXISNEXIS RISK
SOLUTIONS INC.,

     Defendant.

_____/

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Helen Swan (hereinafter "Plaintiff"), sues Defendant, LexisNexis Risk Solutions Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## <u>PRELIMINARY STATEMENT</u>

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## <u>JURISDICTION</u>

2.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4.      Venue is proper in this District as Plaintiff is a natural person and a resident of Hillsborough County, Florida; the violations described in this Complaint occurred in this District; and the Defendant transacts business within this district.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a (c).

6.      LexisNexis Risk Solutions Inc. ("LexisNexis") is a corporation with its principal place of business located in Georgia that conducts business in Florida through its registered agent, C T Corporation System, located at 1200 S. Pine Island Road, Plantation, FL 33324.

7.      LexisNexis is a "consumer reporting agency," as defined in 15 USC § 1681(f). Upon information and belief, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8.      LexisNexis disburses such consumer reports to third parties under contract for monetary compensation.

## <u>FACTUAL ALLEGATIONS</u>

9.      In November 2019 LexisNexis sold a consumer report about Plaintiff to a third party creditor.

10.     The report prepared and sold by LexisNexis to that creditor stated that Plaintiff was deceased.

11.     The information reported by LexisNexis was false. Plaintiff was not deceased.

12.     The creditor subsequently began furnishing the information it received from LexisNexis about Plaintiff to non-party credit reporting agencies such as Equifax, Experian, and TransUnion.

13.     This resulted in Plaintiff being denied credit on multiple occasions.

14.     For example, on one occasion in April 2020 Plaintiff was denied an automobile loan.

15.     It is Plaintiff's good-faith belief that LexisNexis "mixed" her file with that of another individual with the same name and that is why LexisNexis began reporting Plaintiff as deceased.

16.     As a result of the action/inaction of LexisNexis, Plaintiff has suffered from unnecessary and unwanted stress, sleeplessness, anxiety, fear, frustration, worry, sadness, shock, and anger.

17.     As a result of the action/inaction of LexisNexis, Plaintiff wasted countless hours of her personal time.

## CAUSES OF ACTION

### COUNT I
**Violations of the Fair Credit Reporting Act**

18.     Plaintiff re-alleges and incorporates paragraphs 1 through 17 above as if fully set forth herein.

19.     Upon information and belief, LexisNexis has "mixed" Plaintiff's credit file with another individual, thereby resulting in the inaccuracies described herein.

20.     LexisNexis has violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

21.     As a result of this conduct, action and inaction of LexisNexis, Plaintiff suffered a loss of her personal time, denials of credit, a reduced credit score, a financial loss, and the emotional distress described in this Complaint.

22.    LexisNexis' conduct, action, and/or inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

23.    Plaintiff is entitled to recover costs and attorney's fees from LexisNexis in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

    **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, LexisNexis, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Morgan & Morgan, Tampa, P.A.
201 N. Franklin St., Suite 700
Tampa, Florida 33602
Telephone: 813-577-4729
Facsimile: 813-559-4831
FKerney@ForThePeople.com
MMartinez@forthepeople.com
*Counsel for Plaintiff*